JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that the attorney for David Sylvester Gonzales was not ineffective when he objected to the State’s proposed instruction #15 which was essential to the jury’s complete understanding of the law related to justifiable use of force.
*535 Gonzales’s defense was based on his assertion that he was not the aggressor in his altercation with Ronald Thompson. However, it was the State’s theory that Gonzales was the aggressor toward Randy McCallister and that his altercation with Thompson was the result of that act of aggression.
There was evidence from which the jury could find in favor of either the defendant’s theory or the State’s theory. It was, therefore, necessary for the jury to be fully instructed on the law that pertained to justifiable use of force, and in particular, that part of the law which provides a defense to a person who is initially the aggressor, but exhausts every reasonable means to escape danger presented by someone who responds to his aggression.
The majority opinion suggests that to instruct the jury regarding the law which was applicable in the event it found that Gonzales was the aggressor would have been inconsistent with Gonzales’s defense that he was not the aggressor. I disagree.
It was perfectly consistent to argue that even though Gonzales was not the aggressor, if the jury found otherwise he was still entitled to assert justifiable use of force as a defense under limited circumstances. In fact, I conclude that the normal range of competence demanded of criminal defense attorneys required that Gonzales’s attorney be prepared to argue both scenarios. In other words, while it was Gonzales’s position that he was not the aggressor, a reasonable defense required that the jury be informed that if they disagreed with his argument and accepted the State’s argument, it was still entitled to acquit him, in spite of that fact, if it found that there was no reasonable means by which he could have escaped from the danger that Thompson presented.
In this case, the jury was not fully instructed on the law related to the reasonable use of force and there is no way to know whether a complete and correct instruction would have produced a different result. It is sufficient to note that the law provided Gonzales with a defense, whether the jury found that he was the aggressor or was not the aggressor, and he was denied that defense based on his counsel’s objection to the appropriate and necessary statement of law.
I conclude that that objection constituted ineffective representation of counsel, and for that reason would reverse the judgment of the District Court and remand for a new trial with correct instructions on the law.
For these reasons, I dissent from the majority opinion.